# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Argelia Esther Mavy,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-25-00689-PHX-KML (ASB)<br><br>**ORDER** |

Before the Court is Plaintiff Argelia Esther Mavy's appeal of the final decision of the Commissioner of Social Security. Plaintiff filed the Complaint in this matter on February 28, 2025 (Doc. 1). Plaintiff then filed her Opening Brief on May 27, 2025 (Doc. 13). Defendant filed a Response Brief (Doc. 15). Plaintiff did not file a Reply brief, and the time to do so has expired. Therefore, the matter is ripe for review. Rather than reaching the merits of the appeal at this time, the Court will order Plaintiff's counsel to show cause regarding deficiencies in her case law citations.

Plaintiff's Opening Brief is replete with citation-related deficiencies. The Court is unable to locate three of the cases cited by Plaintiff in her Opening Brief. In addition to the non-existent cases, the Court found misquoted language, quotations that do not appear in the cited cases at all, and cases that do not support the proposition for which they are cited. This pattern suggests that Plaintiff's attorney, Ms. Bam, may have used artificial intelligence to generate citations to purported authority. *See Transamerica Life Ins. Co. v. Williams*, No. CV-24-00379-PHX-ROS, 2024 WL 4108005, at *2 n.3 (D. Ariz. Sept. 6,

2024). In the interest of brevity, the Court will not describe each deficient case citation. The following are illustrative examples:

On page 17 of the Opening Brief, Plaintiff includes the following case citation: "See also *Barrett v. Astrue*, 340 F. App'x 481, 483 (9th Cir. 2009) (remanding because ALJ did not properly assess the impact of claimant's obesity on her fibromyalgia and degenerative disc disease)." The cited case exists and was located by this Court according to the citation. However, it contains no mention of obesity and was decided by the Tenth Circuit, not the Ninth Circuit. (*See id.*)

On page 20, Plaintiff cites *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) and attributes the following quotation to that case: "The fact that a claimant's pain is treated with narcotic medication is not inconsistent with his testimony of disabling pain." Although *Lingenfelter* is an actual case analyzing the ALJ's evaluation of a claimant's alleged pain and related symptom testimony, the quoted language is nowhere to be found in the decision. (*See id.*)

Finally, as stated above, Plaintiff cites three cases which this Court is unable to locate, all purporting to be cases from the District of Arizona. On page 20, Plaintiff writes:

> In *Hobbs v. Comm'r of Soc. Sec. Admin.*, No. CV-20-00613-PHX-MTL, 2021 WL 3082823, at *4 (D. Ariz. July 21, 2021), the court reversed where the ALJ relied on light household chores to discredit a claimant's severe pain symptoms.

The Court is unable to locate that case using the Westlaw citation number or the docket number. A search on Westlaw shows several cases throughout the country named "Hobbs v. Commissioner of Social Security," but none appears from the District of Arizona. Next, on page 22, Plaintiff asserts the following arguments and citations:

> The District of Arizona has repeatedly recognized that moderate limitations in CPP must be reflected in the RFC. In *Brown v. Colvin*, No. CV-14-02335-PHX-JZB, 2016 WL 11247214, at *6 (D. Ariz. Jan. 22, 2016), the court remanded where the ALJ found moderate CPP impairment but imposed only a general restriction to "simple, repetitive tasks," without assessing the functional effects on pace or persistence. Likewise, *Wofford v. Berryhill*, No. CV-17-08146-PCT-DLR,

- 2 -

> 2018 WL 4658701, at *4 (D. Ariz. Sept. 28, 2018), reversed on the ground that the RFC lacked accommodations for sustained mental effort, despite the claimant's moderate limitations.

Again, the undersigned is unable to locate those cases using the Westlaw citations or the docket numbers. Though the Court located other cases bearing these names, none of them are from the District of Arizona.

Some of these errors are more egregious than others. However, the pattern indicates that Plaintiff's counsel may have presented AI-generated citations to the Court. "A citation to one non-existent case may be a mere mistake. But here, the fact that all three citations are non-existent suggests defendant's counsel may have used artificial intelligence to draft the motion and failed to confirm the accuracy of the citations." *Strike 3 Holdings, LLC v. Doe*, No. 2:24-cv-8183-TJH (SPx), 2025 WL 882212, at *3 (C.D. Cal. Jan. 22, 2025).

Rule 11 dictates that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely. Indeed, we can think of no other way to ensure that the arguments made based on those authorities are 'warranted by existing law,' Fed. R. Civ. P. 11(b)(2), or otherwise 'legally tenable.'" *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). Indeed, under the Local Rules, this Court may impose sanctions for failure to comply with the Federal Rules of Civil Procedure. LRCiv 83.1(f).

It is also worth highlighting that Ms. Bam, who is based in Richland, Washington, has been permitted to appear in this case *pro hac vice*. "Admission *pro hac vice* to this Court is a privilege, not a right, and can be revoked for failure to conform to the applicable federal and local rules and follow all orders of the Court." *Takeover Indus. Inc. v. Holley*,

No. CV-22-00357-PHX-JJT, 2022 WL 19575806, at *1 (D. Ariz. April 28, 2022) (citing LRCiv 83.1(f)(1)(A)). Further, if Ms. Bam is disciplined in this District, the Court will report the matter to her state bar association. *See* LRCiv 83.1(f)(2)(F).

Before considering discipline, the Court will order Plaintiff's counsel to explain why sanctions should not issue due to the deficiencies discussed in this Order.

Accordingly,

**IT IS ORDERED** that within **10 days** from the date of this Order, Plaintiff's counsel shall show cause why the Court should not impose sanctions under Rule 11 of the Federal Rules of Civil Procedure for submitting non-existent cases and otherwise deficient case law citations to the Court. This explanation should include submitting copies of the cited cases to the Court and/or otherwise providing accurate and existing authority for the cited propositions.

Dated this 22nd day of July, 2025.

_____
Honorable Alison S. Bachus
United States Magistrate Judge