**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Argelia Esther Mavy, | No. CV-25-00689-PHX-KML (ASB) |
|         Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
|         Defendant. | |

Due to the unavailability of Magistrate Judge Bachus, the following order resolves the motion to stay filed on October 1, 2025. All other aspects of the case remain referred to Magistrate Judge Bachus for preparation of a report and recommendation.

On August 14, 2025, Magistrate Judge Bachus issued an order finding plaintiff's then-counsel Maren Bam violated Fed. R. Civ. P. 11. Magistrate Judge Bachus imposed six sanctions, including revocation of Ms. Bam's pro hac vice admission, striking the opening brief, and requiring Ms. Bam "transmit a copy of [the sanctions order] to every Judge who presides over any case in which [she] is attorney of record." (Doc. 18 at 19.) Ms. Bam was given 10 business days to comply with the requirement to transmit copies of the sanctions order to all judges. (Doc. 18 at 24.) As for the merits of the social security appeal, plaintiff Argelia Esther Mavy was given 45 days after she received a copy of the sanctions order to have new counsel file a notice of appearance or to file a notice that she wished to proceed as a self-represented party. (Doc. 18 at 24.)

On August 27, 2025, Ms. Bam requested a stay of a single aspect of the sanctions

order: the requirement she "send notice to every judge in every case in which she is an attorney of record." (Doc. 20 at 4.) Ms. Bam requested a stay that would remain in place "until final adjudication of Ms. Bam's objections to the Sanction Order (after reconsideration before this Court and appeal to the U.S. Court of Appeals for the Ninth Circuit, if any)." (Doc. 20 at 1.) Magistrate Judge Bachus granted a stay but made clear Ms. Bam had requested, and the court was granting, a stay only of the requirement that Ms. Bam send notice to the other judges. (Doc. 21 at 3.) In describing the length of the stay, Magistrate Judge Bachus stated the stay would remain in place "pending the Court's resolution of any motion for reconsideration/modification or appeal of" the sanction requiring sending notice. (Doc. 21 at 4.)

Shortly after the stay was issued, Ms. Bam filed a motion for reconsideration arguing there had been no violation of Rule 11 but even if there had been a violation and sanctions were merited, the sanction requiring notice to other judges "exceed[ed] the deterrent purposes of Rule 11." (Doc. 22 at 2.) On September 26, 2025, Magistrate Judge Bachus denied the motion for reconsideration. (Doc. 27.) In doing so, Magistrate Judge Bachus in effect lifted the stay by requiring Ms. Bam send copies of the earlier sanctions order "no later than 10 days from [September 26]." (Doc. 27 at 4.)

On October 1, 2025, Ms. Bam filed a "Motion for Stay Pending Appeal and Clarification of September 26, 2025 Order." (Doc. 28.) That motion again seeks a stay only of the requirement that Ms. Bam send notice to other judges. Ms. Bam requests this stay remain in place while she pursues a writ of mandamus from the Ninth Circuit. Ms. Bam filed her petition for mandamus in the Ninth Circuit on October 3, 2025. (Doc. 31.) The motion also requests clarification whether the September 26 order intended to require notice be sent within "10 days" or within "10 business days." If "10 days," Ms. Bam would need to send notice to all judges by October 6. But if "10 business days," Ms. Bam would have until October 10 to send notice. (Doc. 28 at 8.)

In the order initially granting a stay, Magistrate Judge Bachus applied three factors derived from *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) and concluded all three

1  factors supported a stay. (Doc. 21 at 2-3.) The same analysis applies to the current request:

2  no party would be damaged or experience a hardship if a limited stay is granted, and a stay

3  will not delay resolution of the merits. The October 1, 2025, request for a stay is granted.

4  The final issue is the appropriate length of that stay.

5       The length of stay Ms. Bam seeks is not entirely clear as she requests a stay "during

6  the pendency of an appeal to the U.S. Court of Appeals for the Ninth Circuit" but also

7  argues a "stay remains justified pending Ms. Bam's Petition for Writ of Mandamus." (Doc.

8  28 at 2-3.) A stay of the notice requirement pending final disposition of the writ of

9  mandamus is appropriate. This stay means there is no need to clarify whether the

10  September 26 order meant to reference days or business days.

11       The original sanctions order was served on Mavy on August 19, 2025. (Doc. 20 at

12  4.) Mavy has 45 days from that date to have new counsel appear on her behalf or for Mavy

13  to file a notice that she wishes to represent herself. That deadline has never been stayed,

14  and this order does not impact that deadline.

15       **IT IS ORDERED** the Motion to Stay (Doc. 28) is **GRANTED**. The requirement

16  that attorney Maren Bam transmit a copy of the August 14, 2025, order to every judge

17  presiding over any case in which she is attorney of record is **STAYED** pending disposition

18  of the petition for writ of mandamus filed in Ninth Circuit case number 25-6248. If the

19  petition is denied, Maren Bam shall transmit within thirty days of the date the petition is

20  denied a copy of the August 14, 2025, order to every judge presiding over any open case

21  in which Ms. Bam was an attorney of record as of August 14, 2025.

22       Dated this 3rd day of October, 2025.

23

24

25  _____

26  **Honorable Krissa M. Lanham**
    **United States District Judge**

27

28