# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Argelia Esther Mavy, | No. CV-25-00689-PHX-KML (ASB) |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

The Court is in receipt of Plaintiff's Response to the Order to Show Cause. (Doc. 44.) For the reasons set forth below, the Court will set aside that Order and provide an updated briefing schedule.

**A. Relevant Background**

Plaintiff filed the instant action, through her then-counsel, on February 28, 2025. (Doc. 1.) A briefing schedule was ordered on March 19, 2025. (Doc. 10.) Plaintiff, through her then-counsel, filed her Opening Brief on May 27, 2025. (Doc. 13.) Defendant responded to that Opening Brief (Doc. 15), and no Reply followed. After undersigned found Plaintiff's then-counsel had violated Rule 11 of the Federal Rules of Civil Procedure, the Opening Brief was stricken and Plaintiff's then-counsel was removed from this case. (Doc. 18.) In that Order, which was filed on August 14, 2025, undersigned further ordered "that within 45 days from the date Plaintiff is served with a copy of this Order, Plaintiff's new counsel shall file a Notice of Appearance, or if Plaintiff wishes to represent herself, Plaintiff shall file a Notice with the Court stating that she will proceed as a self-represented

party." (*Id.* at 24.)

After the Court's August 14, 2025 Order, various Orders were issued that dealt with Plaintiff's former counsel. When the Court addressed deadlines in those Orders, the Court made clear that the 45-day deadline for Plaintiff was not changed. (*See* Docs. 21, 32.) When Plaintiff failed to timely comply with the Court's August 14, 2025 Order, the Court issued an Order to Show Cause. (Doc. 42.) The Court ordered that Plaintiff show cause no later than November 26, 2025, as to why the case should not be dismissed for failure to prosecute. (*Id.* at 2.) As a courtesy, the Court directed the Clerk of Court to email a copy of the Order to Show Cause to Counsel Jennifer Foster, who had been noted as counsel for Plaintiff in the Ninth Circuit case related to Plaintiff's former counsel. (*Id.*)

The day after this Court issued its Order to Show Cause as to Plaintiff, Counsel Foster filed a Notice of Appearance. (Doc. 43.) Plaintiff, through Counsel Foster, responded to the Order to Show Cause on November 26, 2025. (Doc. 44.)

In her Response to the Order to Show Cause, Plaintiff contends "the delay in prosecuting the case was not the result of Plaintiff's lack of interest or Counsel's lack of effort to comply with the required Notice of Appearance (Doc. 16), but the result of a number of unexpected and regrettable challenges." (Doc. 44 at 2.) Plaintiff provides the following timeline of events:

> September 25, 2025: Plaintiff completes representation documents to engage Counsel Foster (Doc. 44 at 2)
>
> September 26, 2025: Counsel Foster's *pro hac vice* application is rejected for deficient documentation (*Id.*)
>
> September 29, 2025: Counsel Foster informed by Clerk of Court her *pro hac vice* application is accepted, pending CM/ECF login completion (*Id.* at 3)
>
> October 6, 2025: After encountering login issues in the days prior, Counsel Foster's next attempt to file her *pro hac vice* application through CM/ECF is "again rejected because the state bar admission page was not properly uploaded" (*Id.*)
>
> November 10, 2025: Counsel Foster resubmits her *pro hac vice* application,

- 2 -

      which is rejected due to "updated COGS requirements"  (*Id.*)

      November 11, 2025:  Counsel Foster re-signs and provides "updated" *pro hac vice* documents[1]  (*Id.*)

      November 19, 2025:  Undersigned issues Order to Show Cause concerning Plaintiff's failure to prosecute  (Doc. 42)

      November 20, 2025:  Counsel Foster successfully re-files her *pro hac vice* application, which is approved by the Clerk of Court (*Id.*); Counsel Foster files her Notice of Appearance in this matter (Doc. 43)

After providing the above timeline in her Response to the Order to Show Cause, Plaintiff addresses the factors that the Court must consider when determining whether dismissal is appropriate under *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  (Doc. 44 at 4-7.)  She argues that the factors do not weigh in favor of dismissal, and she requests that the Court discharge the Order to Show Cause and permit this matter to proceed.  (*See id.*)

**B. Discussion**

As the Court observed in its Order to Show Cause, an action may be dismissed for failure to prosecute under the Court's inherent power and Rule 41(b) of the Federal Rules of Civil Procedure.  (Doc. 42 at 2.); *see* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik*, 963 F.2d at 1260 (a district court may dismiss an action for failure to comply with any order of the court).  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61).  "The first two of these factors

---

[1] Plaintiff's filing does not indicate to whom these updated documents were provided. (*See* Doc. 44 at 3.)  Instead, Plaintiff's next timeline entry is her staff's re-filing of her application after this Court entered its November 19, 2025 Order to Show Cause.  (*Id.*)

favor the imposition of sanctions in most cases, while the [public policy factor] cuts against a default or dismissal sanction. Thus[,] the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the Court ordered Plaintiff on August 14, 2025 to take certain action within 45 days; specifically, "Plaintiff's new counsel shall file a Notice of Appearance, or if Plaintiff wishes to represent herself, Plaintiff shall file a Notice with the Court stating that she will proceed as a self-represented party." (Doc. 18 at 24.) The docket shows Plaintiff failed to follow that Order. She did not file a Notice with the Court, nor did her counsel file a Notice of Appearance within 45 days. Neither Plaintiff nor her counsel sought any extension of time for same. Indeed, neither Plaintiff nor counsel acknowledged the Court's August 15, 2025 Order until over three months later, when the Court issued the instant Order to Show Cause.

As was noted above, the first two factors under *Ferdik* favor dismissal. *See also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Where a court order is violated, the first two factors support sanctions"). First, the public's interest in expeditious resolution of litigation "always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, the Court has an interest in the efficient management of its docket. This case was filed in February 2025, and unfortunately, it is not appreciably closer to resolution than when that filing first occurred.

As to the third factor, the Court considers the risk of prejudice to Defendant. Although "[d]elay alone has been held to be insufficient prejudice," a defendant risks prejudice "if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l*, 913 F.2d at 1412. Moreover, "failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendant was served and filed an Answering Brief to the original Opening Brief (Doc. 15), and this case has been delayed since the original Rule 11 issue related to the Opening Brief. Part that delay was due to

Plaintiff's failure to comply with the August 14, 2025 Order. Indeed, Plaintiff's Response to the Order to Show Cause shows that Plaintiff's now-counsel had her *pro hac vice* application rejected twice between late September and early October 2025 (see Doc. 44 at 2-3), and no discernible effort to notify the Court of any efforts to enter an appearance on Plaintiff's behalf was made. No motion seeking an extension of time of the Court's August 14, 2025 Order was filed. Meanwhile, the Court continued to affirm the deadline in its Orders dealing with Plaintiff's former counsel. (*See* Docs. 21, 32.)

Plaintiff's Response to the Order to Show Cause makes no effort to explain what efforts were made to prosecute this case between October 6, 2025 and November 10, 2025. (*See* Doc. 44.) Instead, Plaintiff makes broad and wholly unsupported assertions regarding the impact of the government shutdown: Plaintiff contends that "the case would have inevitably come to a halt due the lapse of funding which resulted in the longest government shutdown in history that began on October 1, 2025, and ended forty-three days later on November 12, 2025," an extension likely would have happened due to the shutdown, and therefore no prejudice occurred. (*See id.* at 5-6.) However, Plaintiff's own timeline demonstrates this was not the case. (*See id.* at 2-3.) When Plaintiff's counsel submitted her application for *pro hac vice* status and encountered login problems in the first week of October (i.e., during the shutdown), the Court was fully operational and processed her application. (*See id.* at 3.) The Court also granted counsel CM/ECF access. (*Id.*) Indeed, this Court never stopped operating throughout the entirety of the shutdown. Furthermore, had the Court been able to enter an amended scheduling order as discussed in its August 14, 2025 Order upon a timely notice of appearance of counsel (i.e., early October), the Court would have provided Plaintiff with 30 days for the Amended Opening Brief (i.e., early November), and this case would have moved forward in a timely manner. Plaintiff's failure to comply with the Court's Order certainly caused delay. Thus, the Court finds Defendant's ability to promptly adjudicate this case has been hampered and some risk of prejudice is present. The Court notes, however, that Defendant has not urged dismissal for failure to prosecute. Consequently, despite Plaintiff's unexplained delay for over a month,

the third factor is likely neutral.

Under the fourth factor, the Court considers the availability of less drastic sanctions. A "district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement." *Ferdik*, 963 F.2d at 1262 (internal citations omitted). Here, the Court has not dismissed Plaintiff's case without notice. Ultimately, the Court finds this factor weighs against dismissal because the delays detailed above were not caused by Plaintiff herself. Dismissal, which is a harsh penalty, would be punitive to Plaintiff. Instead of dismissing this matter, the Court will again warn Plaintiff (as well as all parties and counsel) that failure to comply with the Court's Orders may subject the violating party or attorney to sanctions, including dismissal of this case.

Finally, the fifth factor, as noted *supra*, weighs against dismissal because "[p]ublic policy favors disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

On balance, the Court finds the *Ferdik* factors weigh against dismissal. Therefore, the Court will set aside its Order to Show Cause and enter the following briefing schedule. Given the age of this case, the Court warns the parties that further extensions of deadlines are unlikely, absent extraordinary circumstances.

### C. Conclusion

Based on the foregoing,

**IT IS ORDERED setting aside** the Court's Order to Show Cause (Doc. 42).

**IT IS FURTHER ORDERED amending** the Court's Scheduling Order (Doc. 10) as follows: Plaintiff's Amended Opening Brief shall be filed no later than **January 12, 2026.** Defendant's Amended Answering Brief must be filed within **30 days** of service of the Amended Opening Brief. Any Reply Brief by Plaintiff shall be filed within **15 days** of service of the Amended Answering Brief. Aside from the language immediately above,

1  the Court's prior Scheduling Order (Doc. 10), including its requirements regarding
2  formatting and citations, is affirmed in all respects. Given the delays in this matter,
3  extensions of time absent extraordinary circumstances are unlikely.
4      Dated this 10th day of December, 2025.

Honorable Alison S. Bachus
United States Magistrate Judge